UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>   Plaintiff,<br><br>  v.<br><br>DAVIS, et al.,<br><br>   Defendants. | Case No. 22-cv-06219-HSG<br><br>**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>Re: Dkt. No. 2 |

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. Dkt. No. 2. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or

later time are not relevant. *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

**A.     Prior Denials of *In Forma Pauperis* Status**

Plaintiff is a frequent litigant. Plaintiff has filed at least thirty-nine cases in the Eastern District of California, *see, e.g., Trujillo v. Alvarez*, C No. 14-cv-00976-LJO-EPG; *Guillermo Trujillo Cruz v. Gomez, et al.*, C No. 15-cv-00859-EPG; *Cruz v. Biter, et al.*, C No. 17-cv-00084-AWI-MJS; *Cruz v. Valdez*, C No. 18-cv-00571; and *Cruz v. Chappuis*, C No. 19-cv-01467-WBS-EFB. He has filed at least twelve cases in the Northern District, including the instant action. *See Cruz v. Gutierrez*, C No. 19-cv-04726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz v. Ford*, C No. 19-7649; *Cruz v. Ortiz*, C No. 20-cv-00176; *Cruz v. Chandler*, C No. 20-cv-3421; *Cruz v. Bedusa*, C No. 22-cv-00670; *Trujillo Cruz v. Etzel*, C No. 22-3742; *Cruz v. Valdez*, C No. 22-4627; *Trujillo Cruz v. Simpson*, C No. 22-4898; and *Trujillo Cruz v. Calderon*, C No. 22-5556. In *Gutierrez*, *Kumbat*, *Pierston*, *Ford*, *Ortiz*, *Chandler*, and *Bedusa*, the Court denied him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), finding that Plaintiff had at least three cases dismissed that counted as "strikes"[1] and had not demonstrated that he qualified for the imminent danger exception. *See Cruz v. Gutierrez*, C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020)

---

[1] The Court found that the following cases counted as strikes: (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).

(revoking leave to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16, 2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v. Ford*, C No. 19-7649, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*, C No. 20-cv-3421, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670, Dkt. No. 5 (Feb. 16, 2022).  Because Plaintiff has suffered at least three cases dismissed that count as "strikes," pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates that he is in imminent danger of serious physical injury at the time he filed the complaint.

**B.     Complaint**

The complaint names the following PSBP Facility B correctional officers as defendants: Davis, Lopez, Johnson, Thompson and Austen.

The complaint makes the following allegations.  Since Plaintiff arrived back to Pelican Bay State Prison on October 18, 2021 from out-to-court proceedings, Defendants, who work on Facility B, Building 5, have threatened him daily with assault and battery from December 2016 through October 13, 2022, and threatened to assign him a cellmate so that Plaintiff would get involved in physical altercation with the cellmate.  These acts were in retaliation for Plaintiff reporting illegal misconduct by other prison officials.  On May 27, 2022, six months after Plaintiff filed a grievance, Defendants retaliated against him by using anonymous resources to do their dirty work by intentionally setting Plaintiff up to be attacked by other inmates.  Defendants had Plaintiff punched in the upper torso area numerous times.  Due to this use of force, Plaintiff sustained abrasions, scratches, and swelling to his face, upper back and left side of head, and required hospitalization to treat the right index finger of his right hand.

**C.     Allegation of Imminent Danger**

Plaintiff alleges that he has demonstrated imminent danger of serious physical injury at the time he filed this complaint, October 21, 2022, because (1) Defendants have threatened him daily with assault since December 2016; (2) Defendants acted on these threats by arranging to have him

1 attacked on May 27, 2022; and (3) Defendants are still threatening him daily with assault.

2     Plaintiff has not made a plausible claim that Defendants ordered the May 27, 2022 attack. The May 27, 2022 attack involved three inmates – inmates Robles and Lopez and Plaintiff – and no correctional officers. Plaintiff relies solely on the following conclusory statements to establish that Defendants ordered the attack: Defendants are vengeful because of Plaintiff's grievances alleging misconduct by prison officials and Defendants threaten him daily with assault. Yet these conclusory statements are inconsistent with the record. The alleged threats began in 2016, yet the only grievance in the record related to Defendants was filed on October 2021. And there were at least five years of verbal threats that did not result in physical attack. There is also no specific evidence or allegation linking Defendants to inmates Robles and Lopez.

    Moreover, Plaintiff's allegation that Defendants conspired with other prison officers to order the May 27, 2022 attack is suspect. In his other recently-filed lawsuits, Plaintiff has identified different prison officials as responsible for this attack and always for the purpose of satisfying the "imminent danger of serious physical injury" requirement set forth in 28 U.S.C. § 1915(g). In other words, Plaintiff appears to use the May 27, 2022 assault to circumvent the three-strikes provision of 28 U.S.C. § 1915(g) by claiming that the named defendant(s) ordered the assault, even though the altercation involved only inmates and there are no allegations explaining how inmates Robles and Lopez are linked to the named defendant(s). For example, in C No. 22-0670, *Cruz v. Bedusa*, Plaintiff alleges that PBSP correctional officer Bedusa ordered the May 27, 2022 attack; in C No. 22-cv-4627 HSG, *Cruz v. Valdez, et al.*, he alleges that PBSP correctional officers Valdez, Chapa, and Declue ordered the May 27, 2022 attack; and in C No. 22-cv-4898 HSG, *Cruz v. Simpson*, Plaintiff alleges that PBSP correctional officer Simpson ordered the May 27, 2022 attack.

    Plaintiff's claim of imminent danger of serious physical injury from Defendants at the time he filed the complaint is fanciful and speculative. Accordingly, pursuant to 28 U.S.C. § 1915(g), the Court DENIES plaintiff leave to proceed *in forma pauperis*. *See Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful").

4

Within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

## CONCLUSION

For the reasons set forth above, the Court orders Plaintiff to, within **twenty-eight (28) days** of the date of this order, show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: 10/31/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge