1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6

| GUILLERMO TRUJILLO CRUZ, | Case No. 22-cv-06219-HSG |
|---|---|
| Plaintiff, | **ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*; REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL; DENYING AS MOOT REQUEST FOR EXTENSION OF TIME** |
| v. | |
| DAVIS, et al., | |
| Defendants. | |
| | Re: Dkt. Nos. 2, 3, 5 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against PBSP prison officials Davis, Lopez, Austen, Johnson, Thompson and Hamilton, on or about October 12, 2022. Dkt. No. 1; Dkt. No. 1-1 at 3. Plaintiff also requested leave to proceed *in forma pauperis*. Dkt. No. 2. On October 31, 2022, the Court ordered Plaintiff to show cause why he should not be denied leave to proceed *in forma pauperis* pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Dkt. No. 4. Plaintiff filed his response with the Court on November 17, 2022. Dkt. No. 6. The Court has carefully considered the record and, for the reasons set forth below, DENIES Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), Dkt. No. 2, and requires Plaintiff to pay the filing fee in full in order to proceed with this action. The Court DENIES the remaining motions as moot. Dkt. Nos. 3, 5.

**DISCUSSION**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance. The phrase "fails to state a claim on which relief may be granted" parallels the language of Fed. R. Civ. P. 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121.

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have made moot his request for injunctive relief against alleged danger, but it does not affect Section 1915(g) analysis). The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

I.   **Background**

On October 31, 2022, the Court ordered Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied, given that, in at least seven other cases,

2

Plaintiff had been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] and the complaint did not allege that Plaintiff was in imminent danger of serious physical injury. Dkt. No. 4 at 2-5. The Court found that Plaintiff's allegations that he was in imminent danger of serious physical injury at the time he filed the complaint were fanciful and speculative:

> Plaintiff alleges that he has demonstrated imminent danger of serious physical injury at the time he filed this complaint, October 21, 2022, because (1) Defendants have threatened him daily with assault since December 2016; (2) Defendants acted on these threats by arranging to have him attacked on May 27, 2022; and (3) Defendants are still threatening him daily with assault.
>
> Plaintiff has not made a plausible claim that Defendants ordered the May 27, 2022 attack. The May 27, 2022 attack involved three inmates – inmates Robles and Lopez and Plaintiff – and no correctional officers. Plaintiff relies solely on the following conclusory statements to establish that Defendants ordered the attack: Defendants are vengeful because of Plaintiff's grievances alleging misconduct by prison officials and Defendants threaten him daily with assault. Yet these conclusory statements are inconsistent with the record. The alleged threats began in 2016, yet the only grievance in the record related to Defendants was filed on October 2021. And there were at least five years of verbal threats that did not result in physical attack. There is also no specific evidence or allegation linking Defendants to inmates Robles and Lopez.
>
> Moreover, Plaintiff's allegation that Defendants conspired with other prison officers to order the May 27, 2022 attack is suspect. In his other recently-filed lawsuits, Plaintiff has identified different prison officials as responsible for this attack and always for the purpose of satisfying the "imminent danger of serious physical injury" requirement set forth in 28 U.S.C. § 1915(g). In other words, Plaintiff appears to use the May 27, 2022 assault to circumvent the three-strikes provision of 28 U.S.C. § 1915(g) by claiming that the named defendant(s) ordered the assault, even though the altercation involved only inmates and there are no allegations explaining how inmates Robles and Lopez are linked to the named defendant(s). For example, in C No. 22-0670, *Cruz v. Bedusa*, Plaintiff alleges that PBSP correctional officer Bedusa ordered the May 27, 2022 attack; in C No. 22-cv-4627 HSG, *Cruz v. Valdez, et al.*, he alleges that PBSP correctional officers Valdez, Chapa, and Declue ordered the May 27, 2022 attack; and in C No. 22-cv-4898 HSG, *Cruz v. Simpson*, Plaintiff alleges that PBSP correctional officer Simpson ordered the May 27,

---

[1] Plaintiff was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) in the following cases: *Cruz v. Gutierrez*, C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16, 2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v. Ford*, C No. 19-7649, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*, C No. 20-cv-3421, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670, Dkt. No. 5 (Feb. 16, 2022). In these cases, the Court found that the following cases counted as strikes within the meaning of 28 U.S.C. § 1915(g): (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).

2022 attack. Plaintiff's claim of imminent danger of serious physical injury from Defendants at the time he filed the complaint is fanciful and speculative.

Dkt. No. 4 at 3-4.

## II.     Imminent Danger Exception

Plaintiff has not disputed that he has three strikes within the meaning of 42 U.S.C. § 1915g. *See* Dkt. No. 6. He argues, however, that he was in imminent danger of serious physical injury at the time he filed the complaint because (1) after Plaintiff returned to PBSP on October 18, 2021 and through May 27, 2022, defendants Davis, Lopez, Austen, Johnson, Thompson and Hamilton retaliated against him for filing Grievance No. 178575 on December 4, 2021, by threatening Plaintiff daily with being beaten or with being assigned a cellmate that would get Plaintiff involved in a physical altercation; (2) Defendants caused Plaintiff to suffer "an adverse action" when they used "'anonymous resources' to do their dirty work by intentionally setting [Plaintiff] up to be attacked [on May 27, 2022];" and (3) on October 17, 2022, Defendants all threatened Plaintiff with another assault and these threats continued through November 14, 2022, the day Plaintiff prepared his response to the Order to Show Cause. Dkt. No. 6.

Plaintiff proffers the same conclusory and suspect allegations that he made in his complaint and now conveniently adds the claim that these Defendants began to threaten him again on the day he commenced this action. However, Plaintiff has not addressed the Court's concerns about the plausibility of his claim that Defendants are responsible for the May 27, 2022 attack. And outside of Plaintiff's unsupported and suspect claim that Defendants ordered the May 27, 2022 attack, Plaintiff's only support for his claim that he faced imminent danger of serious physical injury at the time he commenced this action are his allegations that, in late 2021, Defendants sought to retaliate against him and that, on the day he commenced this action, Defendants again began to threaten him daily with assault. Plaintiff's claim that Defendants bear retaliatory animus against him is suspect because the identified retaliatory behavior began in October 2021 but the grievance that allegedly triggered the retaliation was filed afterwards, in December 2021. Plaintiff's claim that Defendants threatened him with assault on the day he commenced this action is also suspect. Plaintiff appears to make this claim whenever asked to show whether he qualifies for the imminent danger exception under Section 1915(g). In Plaintiff's

4

1    other actions before the Court, when ordered to show cause why leave to proceed *in forma*
2    *pauperis* should not be denied, Plaintiff also alleges that the named defendants resumed
3    threatening him with assault on the very day he commenced an action against the named
4    defendants. *See, e.g.*, C No. 22-cv-4627 HSG, *Cruz v. Valdez, et al.*, Dkt. No. 6 (alleging that
5    defendants Valdez, Chapa and Declue threatened him with assault on October 31, 2022, the day he
6    commenced *Valdez*); C No. 22-cv-4898 HSG, *Cruz v. Simpson*, Dkt. No. 5 (alleging that
7    defendant Simpson threatened him on August 25, 2022, the day he commenced *Simpson*).
8    Moreover, even assuming arguendo that Defendants have been threatening Plaintiff with assault
9    since October 17, 2022, nothing in the record plausibly indicates that Defendants intend to carry
10   out their verbal threats.

11   The Court has considered Plaintiff's litigation history, the allegations set forth in the
12   complaint, and Plaintiff's response to the OSC. The Court finds that it would be speculative to
13   conclude from Plaintiff's allegations that he faced imminent danger of serious physical injury at
14   the time this action was filed. Accordingly, pursuant to 28 U.S.C. § 1915(g), the Court DENIES
15   Plaintiff leave to proceed *in forma pauperis*. *Andrews II*, 493 F.3d at 1055 (imminent danger
16   exception applies if complaint "makes a plausible allegation that the prisoner faced 'imminent
17   danger of serious physical injury' at the time of filing.").

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1.    The Court DENIES Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Dkt. No. 2. Plaintiff may proceed with this action only if he pays the $402 filing and administrative fee in full. Plaintiff must pay the full filing fee within **twenty-eight (28) days** of the date of this order. If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to plaintiff re-filing upon payment of the full filing fee.

2.    The Court DENIES as moot Plaintiff's request that the Clerk of the Court answer the complaint and provide Plaintiff with a docket number. Dkt. No. 3. Plaintiff has been provided with a case number for this action.

3.    The Court DENIES as moot Plaintiff's request for an extension of time to file his

1  response to the Court's October 31, 2022 Order to Show Cause.  Dkt. No. 5.  Plaintiff's response
2  was timely filed at Dkt. No. 6.
3      This order terminates Dkt. Nos. 2, 3, 5.
4      **IT IS SO ORDERED.**
5  Dated:    12/16/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge