UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>v.<br><br>DAVIS, et al.,<br><br>    Defendants. | Case No. 22-cv-06219-HSG<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME; DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION; DISMISSING ACTION FOR FAILURE TO PAY FILING FEE IN FULL**<br><br>Re: Dkt. Nos. 8, 9 |

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court DENIES Plaintiff's requests for an extension of time and for leave to file a motion for reconsideration, Dkt. Nos. 8, 9, and DISMISSES this action without prejudice for failure to pay the filing fee in full.

On December 16, 2022, the Court denied Plaintiff leave to proceed *in forma pauperis* pursuant to the three-strikes provision set forth in 28 U.S.C. § 1915. The Court ordered Plaintiff to pay the $402 filing and administrative fee in full by January 16, 2023 or face dismissal of this action. Dkt. No. 7. The deadline to pay the filing fee in full has passed, and Plaintiff has not paid the filing fee.

Plaintiff has filed a motion requesting an extension of time to file a response to the Court's December 16, 2022 Order, and to Dkt. Nos. 2, 3, 5. Dkt. No. 8. This request is DENIED. The Court's December 16, 2022 Order does not require a response, and Dkt. Nos. 2, 3, 5 are pleadings filed by Plaintiff. To the extent that Plaintiff seeks an extension of time to fulfill his payment obligation, that request is DENIED. Plaintiff has not explained why he requires an extension of time. If Plaintiff is later able to pay the filing fee in full, he may move to reopen this case.

1    On January 19, 2023, Plaintiff filed a pleading with this Court titled "Plaintiff's Response
2    to Docket Nos. 2, 3, 5." Dkt. No. 9.  The Court construes this pleading as requesting leave to file
3    a motion for reconsideration.  *See* N.D. Cal. L.R. 7-9 (requiring leave of court to file motion for
4    reconsideration before judgment has been entered).  Plaintiff argues that the Court erred in
5    denying him leave to proceed *in forma pauperis* because he was in imminent danger of serious
6    physical injury when he filed the complaint because, on the day he submitted the complaint for
7    mailing, Defendants threatened to get him "fuck up (beaten) and stabb (sic) off the yard [because
8    they were] tired of [Plaintiff] continue to file this complaints against [them] that don't have any
9    merit to them their (sic) just a waste of time." Dkt. No. 9 at 1.[1]  Plaintiff also argues that he
10   should be allowed to make partial payments to satisfy the filing fee because Section 1915(g)
11   "clearly" provides for the filing fee to be collected when funds exists and provides that an inmate
12   should not be prohibited from bringing a suit or appealing a judgment because he cannot pay.
13   ECF No. 11 at 2.  The Court DENIES Plaintiff leave to file a motion for reconsideration.  Plaintiff
14   has raised these arguments previously, and the Court has denied these arguments on the merits.
15   *See* Dkt. No. 6 (Plaintiff alleging that Defendants threatened him with physical assault on October
16   17, 2022, the day he submitted his complaint for mailing, through November 14, 2022, the day
17   Plaintiff prepared his response to the Order to Show Cause), Dkt. No. 8 (rejecting Plaintiff's
18   claims that Defendants' verbal threats on the day he submitted his complaint for mailing put
19   Plaintiff in imminent danger of serious physical injury); C No. 22-cv-3742, *Cruz v. Etzel*, Dkt. No.
20   16 (rejecting Plaintiff's incorrect application of 28 U.S.C. § 1915; provisions of 28 U.S.C. § 1915

---

[1] Plaintiff's allegations that Defendants verbally threatened him on the day he filed his complaint are suspect.  In other lawsuits, when Plaintiff has been ordered to show cause why leave to proceed *in forma pauperis* should not be denied pursuant to 28 U.S.C. § 1915(g), Plaintiff has made identical allegations that the named defendants threatened him with physical assault on the day he submitted the complaint for mailing, specifically that he would be fucked up, beaten, and stabbed, and that the named defendants complained that they were tired of his filing complaints that lacked merit and were a waste of time.  *See* C No. 22-cv-4627 HSG, *Cruz v. Valdez, et al.*, Dkt. No. 9 at 1 (on date he submitted his complaint for mailing, named defendants threatened to fuck him up, and stab him because they were tired of his complaints); C No. 22-cv-5556 HSG, *Cruz v. Calderon, et al.*, Dkt. No. 6 at 2 (on September 23, 2022, when he submitted his complaint for mailing, named defendants threatened him with "an assault in the near future") and Dkt. No. 11 at 1 (on date he submitted his complaint for mailing, named defendants threatened to fuck him up, and beat and stab him because they were tired of him filing meritless complaints).

do not apply to Plaintiff because he was not granted leave to proceed *in forma pauperis*).

The Court DISMISSES this action for failure to pay the filing fee in full. This dismissal is without prejudice to filing a request to reopen, but any request to reopen must be accompanied by the full filing and administrative fees. The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff, terminate Dkt. Nos. 8 and 9; terminate any remaining pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated: 1/27/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge